STATE OF MAINE                                    SUPERIOR COURT
                                                      CIVIL ACTION
YORK, ss.                                      DOCKET NO. AP-10-20


BENJAMIN BLAIS,

         Petitioner


         v.                              ORDER


STATE OF MAINE,
SECRETARY OF STATE,

         Respondent


        Benjamin Blais received a driver's license suspension for one year plus 180 days

for operating with any level of alcohol. He was 20 years old at the time of operation

and received a suspension of one year, since he was under 21 at the time. An additional

180 days was added since he had a passenger under age 21 with him at the time of

operation. See 29-A M.R.S.A. §2472(3-A). An administrative hearing was held and the

Secretary of State upheld the suspension by oral decision. An appeal was taken to the

Superior Court which has been briefed and argued.

        In his appeal he argues that he should have received a 90-day suspension which

is imposed when a person over age 21 is operating under the influence or with a blood

alcohol level of 0.08% or more (now described as 0.08 grams of alcohol per 210

milliliters of breath), see 29-A M.R.S.A. §2411(5)(A)(2), since he had a blood alcohol test

result of 0.11% making the distinction between an 0.02 (0.02 grams) level for younger

drivers, see 29-A M.R.S.A. §2472(3-A), and the 0.08% (0.08 grams) level for older drivers

immaterial. He does not challenge the additional 180-day suspension for having a

passenger under age 21 with him. Mr. Blais believes that he should have received a 90 day plus 180 day suspension rather than the one year plus 180 day suspension he actually received.

The petitioner has argued that it is a violation of equal protection to impose a harsher penalty on younger drivers. Since neither a fundamental right nor a suspect classification is involved the test is whether the distinction between younger and older driver's concerning the duration of a suspension bears some rational relationship to a legitimate state interest or purpose.

Given the well recognized dangers of drinking and driving and the enhanced danger of underage drinking the Legislature can constitutionally impose greater penalties upon younger drivers who chose to drink and then drive. The Legislature's decisions are fully consistent with the coextensive equal protection provisions of the United States and Maine Constitutions. I reached the same conclusion in 1988 in *Parker v. Secretary of State*, Me.Super.Ct. (York), Docket No. CV-87-737. Unfortunately not enough has changed and the enhanced penalties for under age 21 drivers remain a constitutional Legislative response. The entry is:

Decision of the Secretary of State is affirmed.

Dated:      August 30, 2010


Paul A. Fritzsche
Justice, Superior Court

PLAINTIFF'S ATTORNEY:
ERIC COTE, ESQ.
P.O. BOX 350
SACO ME   04972


DEFENDANT'S ATTORNEY:
DONALD W. MACOMBER, AAG
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME   04333-0006

2